IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

XAVIER FLORES,

          Plaintiff,

  vs.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF
INVESTIGATION,

          Defendants.

CIVIL NO. 16-00009 DKW-RLP

ORDER DISMISSING COMPLAINT,
DENYING AS MOOT PLAINTIFF'S
APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES
OR COSTS, AND DENYING
PLAINTIFF'S REQUEST FOR
APPOINTMENT OF COUNSEL

**ORDER DISMISSING COMPLAINT, DENYING AS MOOT
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES OR COSTS, AND
<u>DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL</u>**

<u>INTRODUCTION</u>

On January 7, 2016, Plaintiff pro se Xavier Flores filed a Complaint and

Application to Proceed in District Court Without Prepaying Fees or Costs

("Application").   The Complaint attempts to assert claims against the United States

and the Department of State.   Because Flores' claims are barred by the doctrine of

sovereign immunity, and do not satisfy Federal Rules of Civil Procedure 8 or

12(b)(6), the Court DISMISSES the Complaint with prejudice, DENIES the

Application as moot, and DENIES his request for appointment of counsel.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis*

proceeding to mandatory screening and orders the dismissal of the case if it is

"frivolous or malicious," "fails to state a claim on which relief may be granted," or

"seeks monetary relief against a defendant who is immune from such relief."   28

U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (stating that

28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss

an *in forma pauperis* complaint that fails to state a claim).

Flores is proceeding pro se, and, therefore, the Court liberally construes his

pleadings.   *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

Supreme Court has instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam)).   The Court also recognizes that "[u]nless it is absolutely clear

that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.   *See Omar v. Sea-Land Serv., Inc*., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).   This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

3

In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."   *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.   *Iqbal*, 556 U.S. at 679.

Rule 8 mandates that a complaint include a "short and plain statement of the claim."   Fed. R. Civ. P. 8(a)(2).   "[E]ach allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).   A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).   A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed.   *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction.   *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6

4

(9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 n.7 ("A federal court lacks subject matter jurisdiction over an unconsented suit against the United States.").   Lack of subject matter jurisdiction may be raised at any time.   *Id.*

## DISCUSSION

Upon review of the Complaint, the Court finds that Flores fails to establish this Court's jurisdiction over this matter and to state a claim upon which relief may be granted.   Even liberally construed, the Complaint fails to state any discernible basis for judicial relief.   Flores alleges as follows:

> Currently, I cannot continue my work because there are authorize[d] access to[] many of my data.   Mainly from U.S. agents, the public, and possibly foreign influence.

> This responsibility/accountability falls on the U.S. government and the U.S. Department of State.

> I would like to file a motion to have an attorney for this complaint.

> As a relief, I have estimated the cost of los[s] of my date to the value of $3 trillion U.S. dollars.   This may be payable in the combination of land, U.S. currency, and gold.

> I would also ask the court to review, revise and update all

U.S. laws to adhere to my work agreement and seal this case.

I will not continue any of my work without an initial payment of $10 million U.S. dollars as per requested in this court.

Complaint at 2-3.

The Court is familiar with Flores based upon his recent filings in this district, which allege similar claims against the United States and its agencies.[1]   Despite the Court's prior instructions, Flores again brings claims for damages against an agency of the United States, based upon on his alleged "work agreement" with the government and his "current work . . . of U.S. National Security a vary [sic] from U.S. Security Clearance."   Complaint at 2.   As the Court explained in both of its previous orders dismissing similar allegations, such claims against the United States

---

[1]This is the fourth complaint filed by Flores in as many months.   *See Flores v. Brady*, Civil No. 15-408 DKW-RLP; *Flores v. FBI*, Civil No. 15-515 DKW-RLP; and *Flores v. U.S. Dep't of Justice*, CV 15-00538 HG-RLP.   The complaint in Civil No. 15-408 DKW-RLP alleged that: "This action is against my work agreement. . . .   It's been my experience that when these public officials action therein [sic], are a result of them conspire to do harm and questionable intents." *Flores v. Brady*, Civil No. 15-408 (Dkt. No. 1).   The Court dismissed that complaint for lack of subject matter jurisdiction and explained to Flores that the federal defendants were immune from suit and that his allegations lacked facial plausibility.   *Flores v. Brady*, Civil No. 15-408 DKW-RLP (Dkt. No. 6; 10/14/15 Order).   Flores alleged in Civil No. 15-515 DKW-RLP that he attempted to submit a hand-written report to the FBI field office in Kapolei, Hawaii, but was told by an unnamed duty agent that, "I will need to have a typewriter format as per F.B.I. procedure." He also alleged that he has a "Tentative Work agreement" with "the U.S. Government and the U.S. Business Community," and that the "DOJ-National Security Department should have a copy." *Flores v. FBI*, Civil No. 15-515 DKW-RLP (Dkt. No. 1).   The Court again dismissed that complaint, which Flores appealed.   *Flores v. FBI*, Civil No. 15-515 DKW-RLP (Dkt. No. 4; 12/15/15 Order); (Dkt. No. 8; Notice of Appeal).

and its agencies are barred by the doctrine of sovereign immunity. *See Flores v. Brady,* Civil No. 15-408 DKW-RLP (Dkt. No. 6; 10/14/15 Order); *Flores v. FBI,* Civil No. 15-515 DKW-RLP (Dkt. No. 4; 12/15/15 Order). Any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *Sierra Club v. Whitman,* 268 F.3d 898, 901 (9th Cir. 2001); *see also Balser v. Dep't of Justice, Office of U.S. Tr.,* 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). The United States, as a sovereign, is immune from suit unless it has waived its immunity. Because there is no evidence or allegation that the United States has done so here, the Court lacks subject matter jurisdiction over the claim. *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999); *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1998).

Second, the Court finds that based on even the most liberal construction of the Complaint, Flores has identified no source of any legal right that would entitle him to any relief against the Department of State or the United States. To the extent he vaguely alleges that federal statutes are inadequate, his claims are incoherent. *See* Complaint at 1 ("The American Disability Act of 1990 and the Freedom of Information Act doesn't protect from my current work."). His allegations implying data theft are, at best, legal conclusions and do not allege "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).   In sum, even assuming the truth of the statements set forth in the Complaint, these allegations fail to state claims upon which this Court may grant relief, and beyond that, Plaintiff's assertions are patently frivolous.

Finally, with respect to Flores' request for the appointment of counsel, the Court, in its discretion, "may appoint counsel . . . only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).   "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (citation omitted).   Neither factor is dispositive and both must be viewed together before reaching a decision on a request for counsel. *Id.*   In most cases, however, the Court cannot expend public resources to provide plaintiffs with counsel. *See McCue v. Food Pantry, Ltd.,* 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008).   The present action does not support the appointment of counsel.   As noted above, the Complaint is nearly incomprehensible and is unlikely to succeed on the merits.   The

8

current Complaint not only fails to state a claim, but fails to establish a jurisdictional basis on which this Court may proceed.   At this preliminary stage, the Court is not able to adequately evaluate the ability of Flores to articulate his claims pro se, beyond his apparent ability to read, write and access the courts repeatedly. Moreover, there is no presumptive right to appointed counsel in civil proceedings that do not threaten a litigant with loss of physical liberty, and no such threat is presented in this case.   *Lassiter v. Dep't. of Soc. Servs.,* 452 U.S. 18, 26-27 (1981). Accordingly, because "exceptional circumstances" do not exist here, the request for the appointment of counsel is DENIED.

Having screened the Complaint, the Court DISMISSES it and DENIES the Application as moot.   Because (1) defendants are immune from suit and the Court is without subject matter jurisdiction, and (2) because Flores has failed to assert a plausible claim for relief, the Court finds that granting Flores leave to amend his Complaint would be futile—no amendment would remedy his inability to assert these claims.

## CONCLUSION

Based upon the foregoing, the Complaint is DISMISSED without leave to amend, the Application is DENIED as moot, and the request for the appointment of counsel is DENIED.   The Clerk of Court is directed to close the case file.

9

IT IS SO ORDERED.

Dated: January 8, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Xavier Flores v. United States of America, et al.*; Civil No. 16-00009 DKW-RLP;
**ORDER DISMISSING COMPLAINT, DENYING AS MOOT PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR
COSTS, AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT
OF COUNSEL**